FILED

DEC 08 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REDAMES LOPEZ ROLON,

   Plaintiff - Appellant,

 v.

LOS ANGELES COUNTY; et al.,

   Defendants - Appellees.

No. 08-56971

D.C. No. 2:07-cv-05231-PA-AGR

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 17, 2009 [**]

Before:   ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

  Redames Lopez Rolon appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging that law enforcement officers

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]   The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

tk/Research

violated his Fourth Amendment rights by illegally searching his home and arresting him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Rolon's unlawful search and arrest claims because Rolon failed to controvert the defendants' evidence that the search warrant and arrest were supported by probable cause. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006) (discussing probable cause standard for searches); *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (holding that a warrantless arrest does not violate the Fourth Amendment if the officers had probable cause to believe the suspect had committed or was about to commit a crime); *see also* Cal. Penal Code § 847(b)(1) (barring liability for false arrest or imprisonment where the officer "had reasonable cause to believe the arrest was lawful").

The district court properly granted summary judgment on Rolon's negligent infliction of emotional distress claim because Rolon failed to introduce evidence creating a genuine issue as to whether the defendants acted negligently. *See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989) (explaining that the elements of duty, breach of duty, causation, and damages apply to an action for negligent infliction of emotional distress).

Rolon's remaining contentions are unpersuasive.

**AFFIRMED.**